IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| BEVERLY JO JONES, #233 418 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-308-TMH |
| | | (WO) |
| FRANK ALBRIGHT, | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this *pro se* civil action on April 8, 2009 against Frank Albright, the Warden of the Julia Tutwiler Prison for Women. In filing this matter, Plaintiff indicates that the relief she seeks is issuance of a writ of mandamus. Thus, even though Plaintiff has not cited the federal mandamus statute in her complaint, she has titled her complaint *Petition for Writ of Habeas Corpus/Petition for Writ of Mandamus* and, in light of the relief Plaintiff requests, the court has considered this action as one brought pursuant to the mandamus statute, 28 U.S.C. § 1361.

Upon review of the instant complaint the court concludes that it should be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be

## I.  DISCUSSION

To the extent that Plaintiff files this action seeking mandamus relief through an order compelling Defendant Albright to produce "proof and authentic court-order documentation" which validates her detention in a "lock-up-type state supported building," this court cannot grant the requested relief. (*Doc. No. 1 at pgs. 2-3*.)  The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions," does not empower a district court to create jurisdiction where none exists. *Gehm v. New York Life Ins. Co.,* 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.*  While the law is settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, *see* 28 U.S.C. § 1361,[2] federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488

---

granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]The court notes that writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), *Federal Rules of Civil Procedure*. However, actions in the nature of mandamus to compel United States officials to perform duties are within the jurisdiction of the United States district courts pursuant to 28 U.S.C. § 1361.

F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, this federal district court has no mandamus jurisdiction over the Defendant state employee and, therefore, lacks authority to compel him to perform the action Plaintiff requests.

The court notes that Plaintiff also requests that this court issue a writ of mandamus to the United States District Court for the Southern District of Alabama directing it to transfer back to this court for review a civil action originally transferred to the federal court in the Southern District by this court in August of 2004. (*See Doc. No. 1 at pg. 3*.) Even had Plaintiff directed this request to a proper federal authority, the request would not be within the parameters of § 1361. Federal courts do not have jurisdiction to compel other federal court to perform their judicial duties. The appropriate remedy, if any, would be to file a proper motion with the court where the action in which relief is sought is pending. It is within that court's discretion to grant or deny the motion.

To the extent that Petitioner, in filing this action, is actually seeking release from prison and is raising a challenge to the validity of her current detention, she has improperly raised those claims in this mandamus action. If Plaintiff wishes to challenge her detention and/or a conviction(s), she should submit a petition for writ of habeas corpus on the appropriate form for filing such actions, after exhausting available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A), *Federal Rules of Civil Procedure*.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's

complaint be DISMISSED for lack of jurisdiction and that this action be DISMISSED with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **June 10, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 27th day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE